UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAN OTIS WILSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SAN QUENTIN WARDEN, et al.,<br><br>　　　　Defendants. | Case No. 20-09475 EJD (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, a state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against the Warden of San Quentin State Prison ("SQSP") and the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") in Sacramento.[1] Dkt. No. 1 at 2. Plaintiff is currently housed at the Men's Central Jail in Los Angeles. Dkt. No. 6. Plaintiff's motion for leave to proceed in forma pauperis will be addressed in a separate order.

///

///

---

[1] This matter was reassigned to this Court on February 8, 2021, after Plaintiff failed to file consent to magistrate judge jurisdiction in the time provided. Dkt. Nos. 3, 5. The consent Plaintiff later filed is therefore moot. Dkt. No. 7.

# DISCUSSION

## A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

## B. Plaintiff's Claims

Plaintiff claims that the CDCR was not adequately prepared to respond to the possible outbreak of COVID-19 at SQSP, after the deliberate and reckless transfer of over 120 inmates from Chino State Prison, after that prison had experienced an outbreak of the virus. Dkt. No. 1 at 4. Plaintiff claims that SQSP then experienced a COVID-19 outbreak that infected approximately 75 percent of the inmate population as well as dozens of prison staff. Id. Plaintiff claims that after he tested negative for the virus, he was kept in an extremely small cell with an inmate who tested positive for COVID-19. Approximately three weeks later, Plaintiff tested positive for the virus. Id. These events took place in June or July 2020 at SQSP. Id. Plaintiff claims he suffered serious symptoms, including inflammation around the heart and "various other internal physical abnormalities" for which he underwent daily monitoring by physicians and was prescribed medication. Id. at 5. Plaintiff claims that the damage caused to his heart and other internal organs cannot be determined at this time nor can the "complications and stigma from being infected with

2

COVID-19" be estimated. Id. Plaintiff seeks placement in a residential facility supervised by the CDCR and monetary damages. Id.

Liberally construed, the Court finds the complaint states a cognizable Eighth Amendment claim for deliberate indifference to Plaintiff's health and safety based on his continued housing at SQSP with an inmate who tested positive for COVID-19, which resulted in Plaintiff becoming infected. See Farmer v. Brennan, 511 U.S. 825, 832, 834 (1994). Although Plaintiff may seek damages, he has no right to a transfer to a particular institution or facility. See Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983); Meachum v. Fano, 427 U.S. 215, 224 (1976). Accordingly, that requested relief must be dismissed. Furthermore, while the Warden appears to be the appropriate defendant as the one who presumably authorized the transfer and was responsible for the oversight of the prison, there are no specific allegations against the Secretary of the CDCR to indicate how he actually or proximately caused Plaintiff's injuries. Lemire v. Cal. Dept. of Corrections & Rehabilitation, 726 F.3d 1062, 1085 (9th Cir. 2013); Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Accordingly, this defendant shall be dismissed from this action for failure to state a claim.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. This action shall proceed solely on the Eighth Amendment claim against the Warden at SQSP. **The Clerk shall terminate all other defendants from this action.**

2. The following defendant at SQSP shall be served:

   a. **Warden Ron Broomfield**

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint and any attachments

3

thereto, (Dkt. No. 1), this order of service, a CDCR Report of E-Service Waiver form and a summons. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

    a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

    b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate**

4

warnings under Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Woods v. Carey, 684 F.3d 934, 940 (9th Cir. 2012).

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

**Dated:** 4/29/2021

EDWARD J. DAVILA
United States District Judge

Order of Partial Dism and of Service
PRO-SE\EJD\CR.20\09475Wilson_svc&part.dism